Stony v. Holder

BIA
Balasquide, IJ
A097 698 389

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand thirteen.

PRESENT:
>        ROSEMARY S. POOLER,
>        ROBERT D. SACK,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

MANGIRING-JOHN STONY,
>        *Petitioner,*

    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

10-2221
NAC

_____

FOR PETITIONERS:    Thomas V. Massucci, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Sheri R. Glaser, Trial Attorney; Andrea Shuford,

**Legal Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mangiring-John Stony, a native and citizen of Indonesia, seeks review of a May 11, 2010, decision of the BIA affirming the August 27, 2008, decision of Immigration Judge ("IJ") Javier Balasquide, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mangiring-John Stony*, No. A097 698 389 (B.I.A. May 11, 2010), *aff'g* No. A097 698 389 (Immig. Ct. N.Y. City Aug. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Stony does not challenge the agency's denial of CAT relief, we address only his asylum and withholding of removal claims.

2

## I. Past Persecution

Stony first contends that the IJ ignored evidence that, when considered with the other evidence in this case, established that he suffered past persecution as an Ambonese Christian. But the IJ explicitly addressed every incident to which Stony testified, including: (1) the religious violence during the riots in 1998-2001; (2) Stony's visit to the island of Ambon during which a resident warned him that the Laskar Jihad controlled Ambon and targeted Christians; and (3) Stony's escape from a bus stopped by Laskar Jihad protesters seeking to harm Ambonese Christians. The IJ also expressly addressed Stony's claim that he was unable to practice his religion while in Indonesia, stating that Stony failed to provide corroborating evidence.

The IJ did not, however, specifically address Stony's assertions in his asylum application that: (1) a jihadist stopped his taxi in search of Christians, but released him; (2) the bombing near a church shook his taxi; and (3) his uncle was killed during the 1998 riots. Nevertheless, an IJ does not err by failing to discuss explicitly every piece of evidence. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has

3

taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

Furthermore, the IJ reasonably concluded that Stony failed to demonstrate past persecution. Stony stated that he was not physically harmed except for some back pain he suffered when he jumped from a bus that the Laskar Jihad had stopped. Beyond this, Stony testified only to experiencing the threat of being harmed if the Laskar Jihad became aware that he was an Ambonese Christian. Although Stony asserted that his uncle was killed during the 1998 riots, harm to relatives is not, alone, a basis for finding that Stony suffered past persecution. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). Because Stony was not targeted individually or harmed physically, the IJ reasonably found that the threats of violence that Stony alleged did not rise to the level of persecution even when considered cumulatively. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that harm must be sufficiently severe, rising above mere harassment, to constitute persecution); *See Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats'").

## II. Pattern or Practice of Persecution

Stony also argues that he demonstrated a pattern or practice of persecution of Christians in Indonesia. To demonstrate a well-founded fear of persecution based on a pattern or practice of persecution against a particular group, a petitioner must demonstrate that the harm to that group constitutes persecution, is perpetrated or tolerated by state actors, and is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A–M–*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see also Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007) (accepting the BIA's standard as a reasonable one).

Here, Stony submitted a 2007 State Department Religious Freedom Report, which acknowledged that extremist Muslim groups worked to close small churches. However, the report also stated that the Indonesian government respected the constitutionally protected right to freedom of religion, prosecuting terrorists who targeted Christians, and that Maluku, the province in which Ambon is located, "remained calm and leaders of both the Muslim and Christian communities and the Maluku provincial government demonstrated a strong commitment to ease religious tension and rebuild." Both the 2007 report and a 2006 State

5

Department report also noted that local and national Indonesian police promptly sought and prosecuted terrorists who targeted Christians.  As the State Department reports were the most recent of Stony's background materials, the IJ reasonably relied on them in finding that Muslim-Christian relations in Indonesia were improving.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

The IJ also reasonably found that the lack of evidence that Stony's wife or three children, who live in Indonesia and practice Christianity, have been harmed or targeted diminished Stony's fear of future persecution.  *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir. 1999).  Based on the improved relations between Muslims and Christians indicated by the State Department reports and the lack of evidence that Muslims targeted Stony or his family, the IJ reasonably found that Stony failed to establish a well-founded fear of persecution because he is Christian.  *See Santoso v. Holder*, 580 F.3d 110, 111-12 (2d Cir. 2009) (upholding agency's rejection of pattern or practice claim when background materials noted only sporadic religious violence).

Because Stony was unable to show the objective likelihood of persecution needed to make out an asylum

6

claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```